R. GIBSON PAGTER, JR., CA SBN 116450
MISTY PERRY ISAACSON, CA SBN 193204
PAGTER AND MILLER
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, California 92701
Telephone: (714) 541-6072
Facsimile: (714) 541-6897
Email: gibson@pagterandmiller.com
Email: misty@pagterandmiller.com

Attorneys for American Contractors Indemnity Co.

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 11-13062 |
| | Adversary No. |
| MICHAEL WAYNE SILVAS and JILL RAE SILVAS, | Chapter 11 |
| Debtors. | |
| | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. § 523(a)(4)] |
| AMERICAN CONTRACTORS INDEMNITY COMPANY, | |
| Plaintiff, | |
| v. | |
| MICHAEL WAYNE SILVAS, | |
| Defendant. | |

AMERICAN CONTRACTORS INDEMNITY COMPANY ("Plaintiff or ACIC") hereby complains against MICHAEL WAYNE SILVAS ("Debtor or Defendant") as follows:

1. This Court has jurisdiction of this core proceeding pursuant to **28 U.S.C.**

-1-

§157(b)(2)(I) and **28 U.S.C. § 1334.** Venue is proper under **U.S.C. § 1409** since Debtor's Chapter 7 case is pending in this district.

2. ACIC is a corporation doing business in the State of California.

3. Defendant is an individual residing in Napa, California.

4. Defendant filed a voluntary Chapter 11 bankruptcy petition in this Court, commencing this case on August 17, 2011 ("Petition Date").

## FIRST CLAIM FOR RELIEF
[11 U.S.C. §§523(a)(4)]

5. Plaintiff adopts and realleges each and every allegation set forth in paragraphs 1 through 4 above as though fully set forth herein.

6. On or about February 2, 2001, Defendant's Uncle, Eugene Silvas ("Decedent") died.

7. On or about March 31, 2001, Defendant and his father, Eugene Silvas ("Eugene") were appointed by the Superior Court of California, County of Los Angeles, Case No. EP 005505 (hereinafter "Probate Court") as Special Co-Administrators (collectively "Special Administrators") of the Decedent's Estate (the "E. Silvas Probate Estate"). The Probate Court ordered that the Special Administrators post a bond in the amount of $350,000. At Defendant's request, ACIC posted a $350,000 Administrator's Bond (Bond No. 47487) on or about April 18, 2001.

8. Subsequent thereto, on or about June 29, 2001, the Special Administrators were appointed as Co-Administrators of the Silvas Probate Estate (collectively "Administrators"). Prior to this appointment, at Defendant's request, ACIC issued an additional Administrator's Bond for the benefit of the E. Silvas Probate Estate in the penal sum of $525,000 (Bond No. 49284).

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-2-

9. On or about January 18, 2008, the Administrators filed their First and Final Account of the E. Silvas Probate Estate. The Probate Court denied this Final Account without prejudice on December 19, 2008.

10. On or about August 27, 2008, Alex Borden ("Borden") filed a petition to remove the Administrators.

11. On December 19, 2008, the Probate Court removed the Administrators and appointed Borden as Successor Administrator to the E. Silvas Probate Estate.

12. On or about August 28, 2009, Borden filed a Petition seeking to surcharge the Administrators in the amount of $1,031,214.98, plus attorney fees and costs ("Surcharge Motion").

13. Borden's Surcharge Motion alleged that the Administrators made unauthorized and inappropriate distributions, made unauthorized loans from the E. Silvas Probate Estate to themselves or to entities owned by them, all without Probate Court approval or notice to the heirs of the E. Silvas Probate Estate.

14. The Administrators did not file any opposition to Borden's Surcharge Motion. On December 19, 2009, the Probate Court granted Borden's Surcharge Motion ("Surcharge Judgment").

15. The Surcharge Judgment was not timely appealed and became final for purposes of enforcement no later than 180 days after December 19, 2009.

16. In full satisfaction of Administrator's Bond No. 49284 in the penal sum of $525,000, on March 9, 2011, ACIC delivered check number 31705, in the sum of $525,000 to Borden for the benefit of the E. Silvas Probate Estate.

17. On March 9, 2011, Borden executed an Acknowledgment of Satisfaction of the Surcharge Judgment as to ACIC.

18. Thereafter on April 21, 2011, ACIC filed a Motion for Judgment against the Defendant pursuant to the provisions of California Civil Procedure §§ 882 and 883, and Civil Code §2847. On June 24, 2011 the Probate Court entered Judgment in favor of ACIC and jointly and severally against the Administrators in the amount of $538,317.28 for breach of their fiduciary duties to the E. Silvas Probate Estate.("ACIC Judgment").

19. On June 15, 2011, Borden filed a Motion for Entry of Bond Judgment jointly and severally against the Defendant, in his capacity as a Special Administrator, and ACIC ("Bond Motion")( relating to Bond No. 47487 in the amount of $350,000). The hearing on Borden's Bond Motion was heard on August 26, 2011. The Probate Court heard and denied the Borden's Bond Motion did not go forward.

20. Because of Defendant's breaches of his fiduciary duties to ACIC and the E. Silvas Probate Estate, ACIC paid $525,000 on the Administrator Bond No. 49284 it issued on behalf of the Defendant.

21. ACIC not only paid the sum of $525,000, but has also incurred necessary costs and expenses in collection of the Surcharge Judgment, in a sum no less that $13,317.28.

22. As surety on the Special Administrator's Bond No. 47487, if and when Defendant is surcharged by the Probate Court, ACIC may or will be liable to the E. Silvas Probate Estate for all sums so surcharged, up to the penal sum of its bond, totaling $350,000. If and when ACIC pays the E. Silvas Probate Estate for such losses, ACIC's contingent right to subrogation will become perfected by operation of law to the rights of the E. Silvas Probate Estate against

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

Defendant (at the time that ACIC issued its bond it had a contingent subrogation claim against Defendant, a claim that perfects or matures upon such payment).

**WHEREFORE**, Plaintiff requests entry of an Order/Judgment.

1. Determining that the debt of Michael Wayne Silvas owed to ACIC evidenced by the ACIC Judgment is nondischargeable pursuant to 11 U.S.C. §523(a)(4);

2. Determining that the debt Michael Wayne Silvas owes to ACIC for payment, if any, ACIC in the future may make to the E. Silvas Probate Estate as it relates to the $350,000 Special Administrator's Bond No. 47487 is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

3. Awarding ACIC its attorneys' fees and costs according to proof incurred in connection with this adversary proceeding as part of its Judgment herein;

4. Determining all sums awarded to ACIC herein are nondischaregeable pursuant to 11 U.S.C. §523(a)(4); and

5. Such other relief as the Court deems just.

Date: November 14, 2011

PAGTER AND MILLER

By: /s/ Misty Perry Isaacson – CA SBN 193204
MISTY PERRY ISAACSON
Attorneys for ACIC

Pagter and Miller
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

-5-

P:\WP51\CASES\Acic.gib\Silvas\Complaint 523.doc

Case: 11-13062    Doc# 40    Filed: 11/14/11    Entered: 11/14/11 14:53:20    Page 5 of 5